Garuthers, J.,
delivered the opinion of the Court.
*565 The principal question in this case is upon the competency of the main witness, Samuel Doak.
In 1853, various judgments were obtained against Samuel Doak and Edmund Word; others against them and one Hays; and others against Doak and Hays, and stayed by Word, for a considerable amount in the aggregate, and all in favor of the plaintiff, Hurst. Doak and Hays having left the country insolvent, and the said judgments remaining unsatisfied, alias executions were issued against all the parties, on the 1st of December, 1857, and levied upon the property of Word. Whereupon he applied for and obtained, by petition to a Circuit Judge, writs of certiorari and supersedeas. The ground stated in the petition is, that the said judgments had all been paid off by Doak, the principal, before he left the country. Upon the trial of this fact before the jury, the deposition of Doak, who was the principal in all the judgments, as stated in the petition, Avas offered as evidence. It was objected to by the plaintiff, as inadmissible, on the ground of interest, and that he was a party to the record. The Court overruled the objection, and permitted it to be read, and there was a verdict against the plaintiff upon the proof of payment made by Doak in his deposition. There is no other evidence on that point.
The argument for reversal is, that there was error in the admission of Doak as a witness. That is the only question. He Avas a joint defendant in the judgment and execution, which he Avas introduced to prove had been paid off and discharged. He is the party primarily liable. His being insolvent does not change the question. If the money be collected from the petitioner, Doak Avould be liable over to him, not only for the amount of the debt, but for the additional costs of this proceeding. In 1 Oreenleaf’s Ev., sec. 395, several cases are put which would seem to be decisive of this question. “In an action on a joint and several bond against the surety, he cannot call the principal obligor to prove payment of the money by the latter in satisfaction of the debt; for the princi *566 pal has an interest in favor of the surety to the extent of the costs.” 5 East, 565-7, and 2 Pickering, 364, cited.
We are referred to the case of Barnes v. Dick, 9 Yer.,. 430, as a conclusive authority in favor of the ruling of the? Bourt m this case. In that case, one of the principal defendants in the judgment was permitted to he a witness in favor of his stayor, on the question of his original liability as such,, for "want of authority on the part of the justice to enter his name. This was quite a different question. It was a matter of entire indifference to the principal whether the stayor was rendered liable or not on that ground. But here the principal is called to prove that his surety should not be hound to pay the judgment, because it has been entirely paid off and discharged, as to all the defendants, himself included..
But it is said that his interest is balanced, because, if the-surety succeeds on his proof, he will still be liable himself to the creditor, upon the issuance of an alias execution on the same judgment; and if the surety fails to be exonerated, hut has the-money. to»pay,.he will be liable to him.. But if this? were so^ yet we have seen that additional costs, at least, -would? fall upon him on the latter result, and- that would disqualify him. 1 Greenleaf’s Ev., 395*
But he is also a material party to the record, and even upon that ground it is difficult to- see how he can be a witness. 9 Yer., 480-5.. If he could prove payment in this case in favor of his surety, then upon another execution against him, the surety, in like manner, by proving the same fact, could relieve him. It would be unsafe to allow such a practice.
But could an alias he issued against Doak at all after the-discharge of his co-defendant? In that case how could the-execution pursue the judgment ?
The judgment will be reversed, and a new trial granted».